UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

NORMAN WHITEHEAD,

                      Petitioner,

-against-                                              9:18-CV-1436 (LEK/TWD)

JAMIE LAMANNA,

                      Respondent.

## **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On December 12, 2018, Petitioner Norman Whitehead filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Dkt. No. 1 ("Petition"), with a corresponding Memorandum of Law, Dkt. No. 1 ("Memo"). On February 8, 2022, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, issued a Report and Recommendation, recommending that the Petition be denied. Dkt. No. 13 ("R. & R."). Petitioner filed objections to the Report and Recommendation, Dkt. No. 20 ("Objections"), and Respondent filed a response in opposition, Dkt. No. 23 ("Response"). On May 19, 2023, this Court issued an amended memorandum-decision and order that adopted the Report and Recommendation in part and rejected the Report and Recommendation in part. Dkt. No. 25 ("May Order"). In the May Order, the Court granted the Petition "to the extent it seeks federal habeas relief pursuit [sic] to the Sixth Amendment's Right to Effective Assistance of Appellate Counsel for appellate counsel's failure to argue that trial counsel gave constitutionally deficient representation for not moving to dismiss the indictment's facially defective counts that include 225, 226, 227, 228, and 229 of the

indictment." *Id.* at 37. In the May Order, the Court declined to reach Defendant's other claims, as they had been vacated by the Court. *Id.* at 35 n.5.

Respondent requested reconsideration and a stay, Dkt. 28, which Petitioner opposed, Dkt. No. 29. The court denied this request. Dkt. No. 30; Dkt. No. 42. Respondent appealed the May Order, Dkt. No. 32, and on February 18, 2025, the Court received a mandate from the Second Circuit vacating the judgment and order of this Court. Dkt. No. 55. The Second Circuit held that "the district court erred in granting the habeas petition and abused its discretion in denying the reconsideration motion on the ground of waiver." *Id.* at 12. The Second Circuit reasoned that this Court had improperly viewed Respondent's arguments as waived, *id.* at 5–7, and that Petitioner had not suffered prejudice from the decision of his trial counsel to not raise the venue issue, *id. a*t 7. In light of the mandate from the Second Circuit, the Court now revisits Judge Dancks' Report and Recommendation and the objections that it did not consider in the May Order. Following a text order requesting supplemental briefing on this issue, both Petitioner and Respondent filed additional memoranda of law. Dkt. No. 60 ("Petitioner's Supplemental Brief"); Dkt. No. 63 ("Respondent's Supplemental Brief").

For the reasons that follow, Petitioner's outstanding objections are rejected. The remaining portions of the Report and Recommendation are approved and adopted, and the Petition is denied.

## II.     BACKGROUND

The Court assumes familiarity with the factual background of this case as detailed in the Report and Recommendation. *See* R. & R. at 2–3. The Court similarly assumes familiarity with the procedural history of this action, *see* May Ord. at 2–4; Dkt. No. 55 at 2–4; *supra* Part I.

**III.    LEGAL STANDARD**

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002). Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. *See* N.D.N.Y. L.R. 72.1. As 28 U.S.C. § 636(b)(1)(C) states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of [the] court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406.

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [Report and Recommendation] strictly for clear error." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

3

A federal district court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. "In order to obtain relief, an individual in custody must demonstrate, *inter alia*, that he has: (1) exhausted his potential state remedies; (2) asserted his claims in his state appeals such that they are not procedurally barred from federal habeas review; and (3) satisfied the deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 . . . if his appeals were decided on the merits." *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 365–66 (E.D.N.Y. 2013).

## IV.   DISCUSSION

The Court now considers the objections raised by Petitioner that the Court did not assess in its May Order. *See* May Ord. at 35 n.5. Specifically, the Court evaluates Petitioner's objections that the Report and Recommendation (1) erred in "fail[ing] to find that appellate counsel improperly failed to argue that trial counsel incompetently failed to preserve the issue of aggregate weight for appeal," Obj. at 8–9, and (2) erred in finding that "Petitioner has failed to demonstrate how amending the location of Counts 225, 228, and 229 changed the prosecution's theory or otherwise prejudiced him," Obj. at 9–11 (quoting R. & R. at 26). Both objections fail. Firstly, the Report and Recommendation was correct in finding that appellate counsel had not improperly failed to argue for the incompetence of trial counsel with respect to the preservation of the aggregate weight issue. Secondly, the Report and Recommendation was correct in finding that appellate counsel had not improperly failed to argue for the impropriety of the amendments made to the indictment.

### A. Aggregate Weight

In his Petition, Petitioner asserts that he is entitled to habeas relief on a layered theory of ineffective assistance of counsel. Memo at 8–18.[1] Petitioner argues that his appellate counsel was ineffective because he failed to argue on appeal that Petitioner's trial counsel was ineffective; Petitioner claims that trial counsel was ineffective because he did not preserve the issue of the State's failure to prove the aggregate weight of the drugs. *Id.* at 15–16. As Petitioner has raised a specific objection, the issue will be reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1).

In the Report and Recommendation, Judge Dancks first discussed the standard for an ineffective assistance of counsel claim set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). R. & R. at 10–11. Applying *Strickland*, Judge Dancks found that Petitioner "failed to demonstrate that he was prejudiced by appellate counsel's failure to raise this ineffective assistance of counsel claim on appeal," because "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." R. & R. at 22–23 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). She explained that "[t]he prosecution put on sufficient evidence for any rational trier of fact to find that Petitioner attempted to possess, or actually possessed, and sold these quantities of drugs." *Id.* at 22. Judge Dancks noted that at trial, an investigator who reviewed Petitioner's intercepted conversations testified that on February 27, 2011, Petitioner made "plans to purchase 480 grams of drugs, remix the drugs, and sell them at a weight of 500 grams," and further testified that "Petitioner discussed selling seven grams of drugs to a buyer." *Id.* at 22–23. The prosecution also introduced evidence that "Petitioner and the buyer met later in the day, and the buyer was subsequently unsatisfied with the quality of the

---

[1] Citations to state court records, Dkt. No. 6; Dkt. No. 7, refer to the pagination generated by CM/ECF, the Court's electronic filing system. Citations to all other filings refer to their internal pagination.

5

drugs." *Id.* at 23. Lastly, "a key prosecution witness testified that he purchased 500 grams of drugs from Petitioner." *Id.*

Ultimately, Judge Dancks recommended rejecting Petitioner's ineffective assistance of counsel claim for lack of prejudice, because "[v]iewing this evidence in the light most favorable to the prosecution, any rational trier of fact could have found that on February 27, 2011, Petitioner possessed four or more ounces of drugs (Count 225), sold two or more ounces of drugs (Count 227), and attempted to possess eight or more ounces of drugs (Count 228)." *Id.* at 23.

Petitioner objected to Judge Dancks' recommendation, claiming that Judge Dancks erred in finding that Petitioner was not prejudiced by appellate counsel's failure to raise this ineffective assistance of counsel claim on appeal. Obj. at 8–9. Petitioner argues that Judge Dancks overlooked relevant precedent from the Court of Appeals. Firstly, Petitioner argues "expert opinion is required to identify a narcotic." *Id.* at 8 (quoting *People v. Kenny*, 30 N.Y.2d 154, 157 (1972). Secondly, "[w]hile proof of an offer may in some circumstances establish that a sale has occurred, . . . the weight of the material must be independently shown." *Id.* at 8 (quoting *People v. George*, 67 N.Y.2d 817, 819 (1986)). In short, Petitioner argues that Judge Dancks erred when she determined that the prosecution failed to provide sufficient evidence of the essential elements of the crimes beyond a reasonable doubt, because she failed to consider this controlling precedent.

Respondent argues that Petitioner's objection is "baseless." Resp. Supp. Br. at 8. First, Respondent asserts that "the Appellate Division … considered this issue in the course of addressing [P]etitioner's weight of the evidence claim, and decided it against him." *Id.* (quoting *People v. Whitehead*, 130 N.Y.S.3d 642 (App. Div. 2015)). Second, Respondent argues that this objection must fail because "[P]etitioner never cited this authority prior to filing his objections,"

6

rendering the objection improper. *Id.* at 9–10. Last, Respondent asserts that, even if the Court were to consider the authority Petitioner cited in his objections, "New York law does not require that an expert testify to the weight of the drugs if no drugs were recovered" and "the evidence of the weight of the drugs here was far more substantial" than the cases Petitioner cites to. *Id.* at 10, n.6.

The Court agrees with Respondent's third contention and rejects Petitioner's objection. *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015) (quoting *Strickland*, 466 U.S. at 689). To overcome that presumption, a petitioner must show "first, that his attorney's performance 'fell below an objective standard of reasonableness." *Id.* (quoting *Strickland*, 466 U.S. at 688). Second, a petitioner must show "that there was prejudice, meaning a 'reasonable probability' that, but for counsel's error, the outcome would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).

The core of Petitioner's argument is that Judge Dancks erred in finding that Petitioner was not prejudiced by appellate counsel's failure to raise this ineffective assistance of counsel claim on appeal, because Court of Appeals precedent holds that "expert opinion is required to identify a narcotic," and "[w]hile proof of an offer may in some circumstances establish that a sale has occurred, . . . the weight of the material must be independently shown." Obj. at 8 (quoting *People v. Kenny*, 30 N.Y.2d 154, 157 (1972); *People v. George*, 67 N.Y.2d 817, 819 (1986)). The Court is not convinced.

For one, chemical examination is not required to identify a narcotic when "other evidence" is presented at trial that "establishes the nature of the drugs in question beyond a reasonable doubt." *People v. Wright*, 31 N.Y.S.3d 633, 638 (2016) (N.Y. App. Div. 2016). In *Wright*, the defendant argued that his conviction was based on legally insufficient evidence, as

7

the prosecution was unable to prove that he was actually in possession of a controlled substance. *Id.* at 637. The court held that the prosecution did not need to recover and test the drugs in order to secure a conviction, so long as other evidence proves "the nature of the drugs in question beyond a reasonable doubt." *Id.* at 638. The court then reviewed the evidence at trial, including testimony that the defendant used the slang term for heroin in intercepted communications, testimony from two customers that the substance they purchased was heroin, and a lab analysis of the substance seized from one of the customers that confirmed that it was heroin. *Id.* The Third Department concluded that, after considering this evidence, the prosecution "proved beyond a reasonable doubt that the substance possessed and sold by . . . [the] defendant was heroin." *Id.* Expert opinion is required when there is inadequate alternative evidence to identify the substance. *See People v. Kenny*, 30 N.Y.2d 154, 156–157 (1972). In *Kenny*, the only evidence that the illegal substance was marijuana was the testimony of someone who had consumed the substance, had used marijuana two other times, and who had identified the consumed substance as marijuana. *Id*. at 156–157. This, the Court of Appeals found, was inadequate evidence to support a conviction for having sold marijuana. *Id. a*t 157.

      Here, the evidence presented at trial proved beyond a reasonable doubt that Petitioner possessed and sold cocaine such that an expert opinion to identify the narcotic was not necessary. At trial, evidence included intercepted phone calls of Petitioner coordinating the sale of cocaine, *See, e.g.*, Dkt. No. 6-4 at 396–97; Dkt. No. 6-5 at 134–137, and evidence which showed that Petitioner bought cocaine from Williams, resold some of it to Petitioner's co-conspirator Goodson, and later offered to sell 120 grams, *see, e.g.*, Dkt. 7-4 at 7, 20-1; Dkt. No. 7–8 at 23. Additionally, Petitioner's co-conspirator Mansaray testified that he received cocaine from Petitioner, Dkt. No. 6-5 at 10–11. This evidence is sufficient to establish the nature of the drugs

in question beyond a reasonable doubt. *See Wright*, 31 N.Y.S.3d at 638. Accordingly, the Court determines that expert opinion in this case was not necessary to secure a conviction; the prosecution proved beyond a reasonable doubt that Petitioner possessed and sold cocaine.

With respect to Petitioner's assertion that Judge Dancks erred because in cases where the weight of the drugs is at issue, the "weight of the material must be independently shown," the Court is similarly not convinced. For, "the full amount of transferred narcotics need not always be recovered to satisfy the weight requirement when a sale is based upon an offer or an agreement." *Wright* 31 N.Y.S.3d at 637. Communication over call and text messages regarding the price per gram and total cost of drugs has been found to be sufficient independent evidence to establish weight. *People v. Chambers*, 127 N.Y.S.3d 204, 207–208 (2020). Here, as in *Chambers*, the prosecution offered independent proof of the weight of the drugs. At trial, the prosecution introduced intercepted phone calls and testimony from Goodson to show that Petitioner bought 480 grams of cocaine from Williams, cooked it into crack cocaine, and offered to sell 120 grams two days later. *See, e.g.*, Dkt. No. 6-4 at 396–97, 399–400; Dkt. No. 6-5 at 137, 428; Dkt. No. 6-7 at 6–7. This evidence is sufficiently independent to establish the weight of the cocaine as to Count 225, which requires possession of four or more ounces of drugs, Pet. Supp. Br. at 6. The prosecution further introduced evidence of intercepted phone calls between Petitioner and Williams where they explicitly discussed the weight of the drugs, and testimony from Mansaray where he said he received 500 grams of cocaine from Petitioner. Dkt. 5-1 at 6–8; Dkt. No. 6-4 at 399400; Dkt. No. 6-5 at 10–11. This evidence is sufficiently independent to establish the weight of the cocaine as to Count 227, which requires the sale of two or more ounces of drugs, and Count 228, which requires the possession of eight or more ounces of drugs. Pet. Supp. Br. at 6.

Accordingly, Petitioner's convictions as to Counts 225, 227, and 228 do comport with the relevant precedent. Petitioner was not prejudiced by his appellate counsel's failure to argue that his trial counsel was ineffective when he failed to preserve this issue for appeal. Petitioner's objection is rejected.

### B. Amendments to the Indictment

The Petition makes a direct ineffective assistance of counsel claim on the ground that Petitioner's appellate counsel failed to argue that the trial court erred in permitting the prosecution's mid-trial motion to amend Counts 227, 228, and 229. Pet. at 15–16. Petitioner argues that his appellate counsel's error prejudiced Petitioner and violated New York C.P.L. § 200.70(1). *Id.*

In the Report and Recommendation, Judge Dancks explained that both prongs of the *Strickland* test appear to be unmet. R. & R. at 26–27. First, Judge Dancks was "unconvinced that appellate counsel erred in failing to challenge the trial court's ruling on appeal." *Id.* at 26. She explained that Petitioner's claim is unsupported by the text of C.P.L. § 200.70(1) and the case law applying it. *Id.* at 26–27. Second, Judge Dancks explained that "Petitioner has also failed to demonstrate that this claim satisfies the second prong of the *Strickland* standard, prejudice." *Id.* at 27. She explained that "Petitioner cannot show that there is a reasonable probability this claim would have succeeded before the Court of Appeals of New York." *Id.*

Petitioner objects to Judge Dancks' recommendation, arguing that Judge Dancks erred because the Report and Recommendation "simply ignored [the] prejudice" alleged in the Petition. Obj. at 9–10. In his Objection, he argues that the trial court's decision to permit the mid-trial amendments was prejudicial. Petitioner argues the amendments made his line of questioning regarding the county of the crime, "appear[ed] to be pointless or foolish when the jury was later told that the counts in question were alleged to have taken place in Orange

10

County." *Id.* Petitioner also argues that the mid-trial amendments were improper because "even if he [was] not prejudiced, the amendment changes the theory of the People's case." Pet. Supp. Br. at 5.

With respect to Petitioner's argument that the Report and Recommendation ignored the prejudice alleged in the Petition, the Court will conduct a *de novo* review because Petitioner objects to a "portion[] of the report or specified proposed findings or recommendations." *See* 28 U.S.C. § 636(b)(1). However, the Court will not consider Petitioner's argument that the mid-trial amendments were improper on the ground that the amendments changed the theory of the prosecution's case, because Petitioner raises this argument for the first time in his Objections. "In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) (cleaned up) (quoting *Illis v. Artus*, No. 06–CV–3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009)).

In response to the Objections, Respondent argues that Petitioner's appellate counsel was not ineffective, because the trial court's decision to permit the amendments was proper. Resp. Supp. Br. at 5. Respondent states that "C.P.L. 200.70 authorizes a court to order the amendment of an indictment at any time before or during the trial . . . when the proposed amendment does not change the theory of the prosecution as reflected in the evidence before the grand jury, or otherwise tend to prejudice the defendant on the merits." *Id.* (quoting *Blumen v. McGann*, 18 A.D.3d 870, 871 (N.Y. App. Div. 2005). Respondent maintains that the Report and Recommendation was correct in finding that the amendments did not reflect any change in theory or any prejudice to Petitioner. *See id.* at 5–8. Respondent adopts Judge Dancks' reasoning

11

that no prejudice under *Strickland* occurred because "[P]etitioner could not show that this claim would have succeeded." *See id.* at 6; *see also id.* at 9–10.

The Court finds no merit to Petitioner's objection. Petitioner's appellate counsel was not ineffective for failing to raise the issue of these mid-trial amendments on appeal because the first *Strickland* prong has not been satisfied; the performance of Petitioner's appellate counsel performance did not fall below an objective standard of reasonableness. Indeed, N.Y. C.P.L. § 200.70(1) permits such amendments. Under that provision, an indictment may be amended "before or during trial" so long as the amendment does not, *inter alia*, "prejudice the defendant on the merits." *Id.* Petitioner argues in his Objection that he was prejudiced by this mid-trial amendment because it made his trial counsel's examination of Guiry "appear to be pointless or foolish when the jury was later told the counts in questions were alleged to have taken place in Orange County after all." Obj. at 9. The Court cannot find that any potential appearance of a line of questioning being "pointless or foolish," to the extent that it existed at all, was sufficiently prejudicial to Petitioner such that the trial court should have denied the prosecution's motion to amend the indictment. The mere fact that a line of questioning at trial was later found not to be pertinent to the jury's considerations does not evince any prejudice to Petitioner.

Accordingly, because the trial court's decision to permit the mid-trial amendment was proper, the Court cannot find that the performance of Petitioner's appellate counsel was constitutionally ineffective for failing to present this argument on appeal. Petitioner's objection is rejected.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the two outstanding objections to the Report and Recommendation, Dkt. No. 20, are **REJECTED**; and it is further

**ORDERED**, that the remaining portions of the Report and Recommendation, Dkt. No. 13, are **APPROVED and ADOPTED**; and it is further

**ORDERED**, that the petition for writ of habeas corpus, Dkt. No. 1, is **DENIED**; and it is further

**ORDERED**, that no Certificate of Appealability shall issue, as Petitioner did not make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that the Clerk enter judgement in favor of Respondent and close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 25, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge